UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH DEENE LINDELL,<br><br>    Petitioner,<br><br>    v.<br><br>PIERCE COUNTY JAIL,<br><br>    Respondent. | Case No.  C07-5079RBL<br><br>ORDER TO SHOW CAUSE |

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Review of the petition shows petitioner has not yet been convicted and is in the pre-trial stage of a criminal proceeding.

    Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court.  This Court has no jurisdiction to intervene in ongoing state court proceedings.  See Demos v. U.S. Dist. Court for E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), cert. denied 498 U.S. 1123 (1991).  In the present case, petitioner has not been convicted or sentenced in the state court proceedings.  Therefore, the Court lacks jurisdiction to consider his federal habeas corpus petition.

ORDER
Page - 1

1   Even assuming petitioner has been sentenced in the state court proceedings since the filing of his
2   federal habeas petition, his claims would not be eligible for federal habeas review.

3   Before claims may be raised in a federal habeas corpus petition, state remedies must be exhausted;
4   or an applicant must show there is either an absence of available state corrective process or that
5   circumstances exist that render such process ineffective to protect the rights of the applicant.  28  U.S.C. §
6   2254(b)(1). See also, Rose v. Lundy, 455 U.S. 509 (1982).  Exhaustion is shown by providing the highest
7   state court with the opportunity to rule on the merits of the claim. Batchelor v. Cupp, 693 F.2d 859 (9th
8   Cir. 1982), cert. denied, 463 U.S. 1212 (1983). In this case, even if a judgment and sentence has now been
9   entered in state court, petitioner would not have had the opportunity to properly exhaust his state court
10  remedies, and he has made no showing that corrective process is unavailable or ineffective to protect his
11  rights.

12  Generally, the federal courts will not intervene in a pending criminal proceeding absent
13  extraordinary circumstances where the danger of irreparable harm is both great and immediate.  See
14  Younger v. Harris, 401 U.S. 37, 45- 46 (1971);  see also Fort Belknap Indian Community v. Mazurek, 43
15  F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state
16  judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal
17  constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th
18  Cir.1987)(Younger  abstention doctrine applies when the following three conditions exist: (1) ongoing
19  state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an
20  adequate opportunity to raise federal questions in the proceedings).

21  Only in the most unusual circumstances is a petitioner entitled to have the federal court provide
22  intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed
23  from and the case concluded in the state courts.  Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972).  See
24  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied,  449 U.S. 1014 (1980). Extraordinary
25  circumstances exist where irreparable injury is both great and immediate, for example where the state law
26  is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad
27  faith, harassment, or other unusual circumstances that would call for equitable relief. Younger, 401 U.S. at
28  46, 53-54.

1  Petitioner is hereby **ORDERED TO SHOW CAUSE** why this petition should not be dismissed
2 without prejudice as premature and unexhausted. A response is due on or before **April 27, 2007,** or the
3 court will enter a Report and Recommendation that this action be dismissed without prejudice.
4  The Clerk is directed to mail a copy of this Order to petitioner and note the **April 27, 2007,** due date
5 on the court's calendar.

7  DATED this 23, day of March, 2007.

  /S/ *J. Kelley Arnold*
  J. Kelley Arnold
  United States Magistrate Judge