UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH DEENE LINDELL,

    Petitioner,

v.

PIERCE COUNTY JAIL,

    Respondent.

Case No. C07-5079RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
May 25, 2007**

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action pursuant to 28 U.S.C. § 2254.

### INTRODUCTION AND SUMMARY CONCLUSION

    Petitioner challenges an ongoing criminal proceeding and not a final conviction or sentence. (Dkt. # 1). On March 23, 2007, the court entered an Order to Show Cause why this action should not be dismissed, as petitioner is challenging an ongoing criminal prosecution (Dkt. # 4). Petitioner did not respond. The court recommends this petition be dismissed.

REPORT AND RECOMMENDATION
Page - 1

## DISCUSSION

Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. This Court has no jurisdiction to intervene in ongoing state court proceedings. See Demos v. U.S. Dist. Court for E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), cert. denied 498 U.S. 1123 (1991). In the present case, petitioner has not been convicted or sentenced in the state court proceeding. Therefore, the Court lacks jurisdiction to consider his federal habeas corpus petition.

Even assuming petitioner has been sentenced in the state court proceedings since the filing of his federal habeas petition, his claims would not be eligible for federal habeas review.

Before claims may be raised in a federal habeas corpus petition, state remedies must be exhausted; or an applicant must show there is either an absence of available state corrective process, or that circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). See also, Rose v. Lundy, 455 U.S. 509 (1982). Exhaustion is shown by providing the highest state court with the opportunity to rule on the merits of the claim. Batchelor v. Cupp, 693 F.2d 859 (9th Cir. 1982), cert. denied, 463 U.S. 1212 (1983). In this case, even if a judgment and sentence has now been entered in state court, petitioner would not have had the opportunity to properly exhaust his state court remedies, and he has made no showing that corrective process is unavailable or ineffective to protect his rights.

Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions

in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972). See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger, 401 U.S. at 46, 53-54. Petitioner has failed to make that showing and failed to respond to a court order to show cause.

## CONCLUSION

The court should not consider this petition as the petitioner is challenging an on going criminal proceeding. The petition should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 25,2007**, as noted in the caption.

Dated this 7 day of May, 2007

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge